FILED

2022 APR 26  PM 3: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ~~EEE~~

ANTONIO WILLIAMS
735 E. 122nd St.
Los Angeles, CA., 90059

In Propia Persona.

LACV22-2772-ODW-AGR

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA.

| | |
|---|---|
| ANTONIO WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGE TO HOME SCV., a California corporation, CHRIS NAJARRO, and, DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR EMPLOYMENT AND HOUSING ACT, VIOLATIONS OF CIVIL RIGHTS (42 U. S. C., §1981), INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATIONS OF CIVIL CODE §§51.7, AND 52.1, AND UNFAIR BUSINESS PRACTICES.<br><br>(DEMAND FOR JURY TRIAL.) |

Plaintiff alleges:

1. Defendant Bridge to Home Scv., is a corporation, formed as a corporation, under the Offices of the Secretary of State, doing business in the county of Los Angeles, State of California.

2. Defendant Chris Najarro, is a natural person, with her personal place of residence is in the county of Los Angeles, State of California.

3. Plaintiff is informed and believes and based thereon alleges herein below Causes of Action for violation of the California Fair Employment and Housing Act; violation of 42 United States Code, §1981;

PAID
APR 2 6 2022

ANTONIO WILLIAMS
735 E. 122nd St.
Los Angeles, CA., 90059

intentional infliction of emotional distress; violations of Civil Code §51.7; violations of Civil Code §52.1; and unfair business practices.

4. Plaintiff Antonio Williams, was, and at all times herein mentioned is an individual, with his present principal place of residence located in the County of Los Angeles, State of California.

5. The wrongs alleged herein are in the County of Los Angeles, State of California. Venue of this action is properly brought before this Court.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued in this Complaint as Does 1-10, inclusive, and therefore, Plaintiff sues these Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and allege on this information and belief that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences alleged in this Complaint, and that Plaintiff's injuries as alleged in this Complaint were proximately caused by that negligence.

7. At all times mentioned in this Complaint each of said Defendants was the agent and employee of each of the remaining said Defendants, and in doing the things alleged in this Complaint, was acting within the course and scope of this agency and employment.

I.    **FIRST CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT.**

8. At all times hereinafter mentioned, each and all of the acts of the Defendant alleged herein were done by the Defendants under the color and pretense of the statutes, regulations, customs and usages of the State and under the authority of their offices as heretofore alleged herein.

Complaint for Violations of Civil Rights-Williams v. Bridge to

Home Scv. - 2

ANTONIO WILLIAMS
735 E. 122nd St.
Los Angeles, CA., 90059

9. Plaintiff, who is African-American, was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every Defendant caused, by commission or omission, such deprivation while acting under color of law.

10. All acts and/or omissions perpetrated by each Defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights already violated, despicably, with evil motive and/or intent, in disregard of the rights of the Plaintiff.

11. On March 3, 2022, Defendant Director Chris Najarro signed the renewed contract for one year of service.

12. On the March 9, 2022, Defendant Najarro's ccountants called to cancel services with Plaintiff and his Showtime Janitorial Maintenance Co. (Said company is not yet suing at this time) Plaintiff asked why. She stated "don't know." Plaintiff called Defendant Najarro two times that day, and left messages which were not returned the next day. Plaintiff went to Defendant Bridge to Home's office to ask Defendant Najarro why did she want to cancel the two-year working relationship. Plaintiff was told she's in a meeting. Plaintiff was never contacted until the following week.

13. On March 15, 2022, Plaintiff called Defendant Najarro, and she answered. Plaintiff asked her if there is a problem with the cleaning service. Defendant Najarro said no, but Plaintiff's company's price went up. Plaintiff stated no. Plaintiff made a suggestion to put both invoices on one, $6,600 + $600 = $7,200. She answered o. k. Plaintiff then told Defendant Najarro that if money is the problem, we can work it out. The goal would be if there's anything to keep the two-year working relationship together. Defendant Najarro stated that she is all ready to sign the contract with another company which we will pay

less for homeless shelter, and one-two offices for what Plaintiff charged just for the shelter. Please keep in mind that Defendant Najarro was promoted to the position of Director in January 2022, but worked for Defendant Bridge to Home through the two years when Showtime, Plaintiff's company, has been contacted with Defendant Bridge to Home. Defendant Najarro was Nicolle Williams' counselor that ran the shelter, one go-to person, where Showtime have three employees, one per shift. day shift, night shift, and weekend shift.

14. Just for the record. Defendant Najarro asked Plaintiff for a quote to clean two offices on January 17, 2022, so Plaintiff sent her the quotes for each office. Defendant Najarro said that that she doesn't have the budget now, it may be later. Actually, Defendant Najarro asked for a quote on the two offices prior to November 19, 2020. Plaintiff gave her the same price from a year ago.

15. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Constitution of the United States and the Constitution and laws of the State of California in that Plaintiff was deprived of her liberty and her freedom from personal harm. Defendants' conduct violates the Fifth Amendment, and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, and Article I, §14 of the California Constitution, and deprives said Plaintiff of rights under color of State law in violation of California Fair Employment and Housing Act.

16. On April 16, 2022, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing, and obtained a Right-to-Sue Letter. A copy of the State Complaint and Right-to-Sue Letter is attached as Exhibit "A", and incorporated herein by reference.

Complaint for Violations of Civil Rights-Williams v. Bridge to

Home Scv. - 4

ANTONIO WILLIAMS
735 E. 122nd St.
Los Angeles, CA., 90059

17. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff was damaged in an amount of $1,000,000. Plaintiff has been almost totally deprived of his liberty and her freedom from personal harm, and has and will have suffered humiliation, anxiety, and emotional and physical distress as well as possible future personal injuries that will continue on into the future, unless this Court intervenes.

18. Said Plaintiff further seeks compensatory damages for the humiliation, anxiety, physical distress and injuries that he has suffered and could suffer as a direct result of Defendants' wrongful acts as described herein, plus attorney's fees and costs.

19. The above recited acts of the individual Defendants in conspiring to deprive Plaintiff of his constitutionally protected rights were done with evil motive or intent, or with reckless or callous indifference to said Plaintiff's rights. Plaintiff therefore seeks punitive, exemplary, and constitutional damages in an amount according to proof against the Defendants.

II. **SECOND CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATIONS OF 42 U.S.C., §1981.**

20. Plaintiff incorporates by this reference Paragraphs 1 through 50 of the Complaint as though they were set forth in full herein.

21. At all times hereinafter mentioned, each and all of the acts of the Defendants alleged herein were done by the Defendants under the color and pretense of the statutes, regulations, customs and usages of the State and under the authority of their offices as heretofore alleged herein.

///

///

Complaint for Violations of Civil Rights-Williams v. Bridge to

Home Scv. - 5

ANTONIO WILLIAMS
735 E. 122nd St.
Los Angeles, CA., 90059

22. Plaintiff, who is an African-American, was deprived of an interest protected by the Constitution and/or laws of the United States of America, and each and every Defendant caused, by commission or omission, such deprivation while acting under color of law.

23. All acts and/or omissions perpetrated by each Defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights already violated, despicably, with evil motive and/or intent, in disregard of the rights of the Plaintiff.

24. On March 3, 2022, Defendant Director Chris Najarro signed the renewed contract for one year of service.

25. On the March 9, 2022, Defendant Najarro's ccountants called to cancel services with Plaintiff and his Showtime Janitorial Maintenance Co. (Said company is not yet suing at this time) Plaintiff asked why. She stated "don't know." Plaintiff called Defendant Najarro two times that day, and left messages which were not returned the next day. Plaintiff went to Defendant Bridge to Home's office to ask Defendant Najarro why did she want to cancel the two-year working relationship. Plaintiff was told she's in a meeting. Plaintiff was never contacted until the following week.

26. On March 15, 2022, Plaintiff called Defendant Najarro, and she answered. Plaintiff asked her if there is a problem with the cleaning service. Defendant Najarro said no, but Plaintiff's company's price went up. Plaintiff stated no. Plaintiff made a suggestion to put both invoices on one, $6,600 + $600 = $7,200. She answered o. k. Plaintiff then told Defendant Najarro that if money is the problem, we can work it out. The goal would be if there's anything to keep the two-year working relationship together. Defendant Najarro stated that she is all ready to sign the contract with another company which we will pay

less for homeless shelter, and one-two offices for what Plaintiff charged just for the shelter. Please keep in mind that Defendant Najarro was promoted to the position of Director in January 2022, but worked for Defendant Bridge to Home through the two years when Showtime, Plaintiff's company, has been contacted with Defendant Bridge to Home. Defendant Najarro was Nicolle Williams' counselor that ran the shelter, one go-to person, where Showtime have three employees, one per shift. day shift, night shift, and weekend shift.

27. Just for the record. Defendant Najarro asked Plaintiff for a quote to clean two offices on January 17, 2022, so Plaintiff sent her the quotes for each office. Defendant Najarro said that that she doesn't have the budget now, it may be later. Actually, Defendant Najarro asked for a quote on the two offices prior to November 19, 2020. Plaintiff gave her the same price from a year ago.

28. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Constitution of the United States and the Constitution and laws of the State of California in that Plaintiff was deprived of his liberty and his freedom from personal harm. Defendants' conduct violates the Fifth Amendment, and the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and deprives said Plaintiff of rights under color of State law in violation of 42 U. S. C., §1981.

29. As a direct and proximate result of the wrongful acts of Defendants, Plaintiff was damaged. Plaintiff has been almost totally deprived of his liberty and his freedom from personal harm, and has and will have suffered humiliation, anxiety, and emotional and physical distress as well as possible future personal injuries that will continue on into the future, unless this Court intervenes.

///

30. Said Plaintiff further seeks compensatory damages for the humiliation, anxiety, physical distress and injuries that they have suffered and could suffer as a direct result of Defendants' wrongful acts as described herein, plus attorney's fees and costs.

31. The above recited acts of the individual Defendants in conspiring to deprive Plaintiff of his constitutionally protected rights were done with evil motive or intent, or with reckless or callous indifference to said Plaintiff's rights. Plaintiff therefore seeks punitive, exemplary, and constitutional damages in an amount according to proof against the Defendants.

## III. THIRD CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

32. Plaintiff incorporates by this reference Paragraphs 1 through 31 of the Complaint as though they were set forth in full herein.

33. Defendants' unlawful actions working in concert to falsely and constructively terminate Plaintiff **ALL** from his employment were knowing, intentional and willful and done with reckless disregard of the probability of causing Plaintiff emotional distress.

34. As approximate result of Defendants' unlawful conduct, as alleged in this Complaint, Plaintiff suffered and will continue to suffer extreme and mental anguish emotional distress, all to Plaintiff's general damages in a sum subject to proof, but at least $1,000,000.

35. As a further proximate result of Defendants' conduct and Plaintiffs extreme emotional distress, as alleged in this Complaint, Plaintiff incurred and will continue to incur related expenses, all to Plaintiffs further damages subject to proof.

36. The fraudulent and illegal actions of Defendants were malicious and oppressive, in that it was conduct carried on by Defendants in willful and conscious disregard of Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship. Plaintiff is therefore entitled to recover punitive damages.

## IV. FOURTH CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE §51.7.

37. Plaintiffs incorporate by this reference Paragraphs 1 through 36 of the Complaint as though they were set forth in full herein.

38. At all times relevant hereto, California Civil Code §51, *et seq.,* was in full force an effect and binding upon defendants, its agents, representatives and employees as alleged herein. Section 51.7 thereof seeks to protect individuals from violence which is based on suspect, arbitrary classifications, including race, national origin, age, and disability, or which is based upon a person's perception that an individual has one or more of those characteristics.

39. Since at least March 3, 2022, Plaintiff is African-American. Plaintiff is informed and believes and thereon allege that Defendants, their employees, agents and representatives knew that Plaintiff was African-American.

40. Plaintiff is further informed and believe and thereon allege that the actions of Defendants, their agents, employees, agents and representatives were directly related to her status as African-American, in that Defendants, and each of them, intended to deprive Plaintiff of the full and equal rights in violation of law.

41. Such conduct has denied and will continue to deny Plaintiff equal protection and the civil rights guaranteed by Civil Code §51.7.

///

42. As the direct and proximate result of the actions of Defendants, their agents, employees, agents, and representatives, Plaintiff has been caused to suffer severe and lasting physical and psychological injuries, medical expenses, loss of income, and the expense of hiring counsel and prosecuting this action, all at least $1,000,000.

43. Civil Code §52(b) sets forth the penalty to be imposed against individuals who engage in conduct against persons based on suspect, arbitrary classifications, including race, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

**V. FIFTH CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE §52.1.**

44. Plaintiffs incorporate by this reference Paragraphs 1 through 43 of the Complaint as though they were set forth in full herein.

45. At all times relevant hereto, California Civil Code §51, *et seq.,* was in full force an effect and binding upon defendants, its agents, representatives and employees as alleged herein. Section 52.1 thereof seeks to protect individuals from violence and to protect them in exercising their civil rights.

46. Since at least March 3, 2022, Plaintiff is African-American. Plaintiff is informed and believe and thereon allege that Defendants, their employees, agents and representatives knew that Plaintiff was African-American.

47. Plaintiffs are further informed and believe and thereon allege that the actions of Defendants, their agents, employees, agents and representatives were directly related to his status as African-American in that Defendants,

and each of them, intended to deprive Plaintiff of the full and equal rights in violation of law.

48. Such conduct has denied and will continue to deny Plaintiff equal protection and the civil rights guaranteed by Civil Code §52.1.

49. As the direct and proximate result of the actions of Defendants, their agents, employees, agents, and representatives, Plaintiff has been caused to suffer severe and lasting physical and psychological injuries, medical expenses, loss of income, and the expense of hiring counsel and prosecuting this action, all at least $1,000,000.

50. Civil Code §52(b) sets forth the penalty to be imposed against individuals who engage in conduct against persons based on suspect, arbitrary classifications, including race, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

## VI. SIXTH CAUSE OF ACTION BROUGHT BY PLAINTIFF AGAINST ALL DEFENDANTS FOR UNFAIR BUSINESS PRACTICES.

51. Plaintiff incorporates by this reference Paragraphs 1 through 50 of the Complaint as though they were set forth in full herein. Plaintiff does not have to repeat all scintilla of all the Causes of Action again in this Cause of Action.

52. California Business & Professions Code §17200 defines unfair competition to include "unlawful, unfair or fraudulent business practice and unfair, deceptive, untrue or misleading advertising. ..." The provisions of said law are to be broadly construed.

///

53. California Business & Professions Code §17203 provides that "[t]he court may make such orders or judgments ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of unfair competition."

54. California Business & Professions Code §17204 provides for suits for injunctive relief to be brought by both public officials and private attorneys general: "Actions for injunction pursuant to this chapter may be prosecuted by ... any person acting for the interests of itself, its members or the general public."

55. Defendants have committed acts in violation of the following as stated in this Complaint for *the last four years:*

    a. 42 U.S.C., §1981.

    b. Civil Code §51.7.

    c. Civil Code §52.1.

    d. Government Code §§12900, et seq.

56. All actions have occurred in County of Los Angeles, State of California within the four years prior to the filing of the original Complaint.

57. By their activities and omissions alleged above in all previous Causes of Action in violation of the statutes listed in Paragraph 55, Defendants have engaged in unlawful or unfair business practices within the meaning of Business & Professions Code §17200.

58. Defendants threaten to and unless restrained, will continue to act in violation of the statutes listed in Paragraph 55, and thereby continue and repeat their violations of the Unfair Practices Act.

59. The actions and omissions of Defendants alleged above in violation of the statutes listed in Paragraph 55, will irreparably harm Plaintiff, its employees, its customers, and the general public.

60. Plaintiff has no plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiff prays for:

1. For general damages in an amount according to proof, but at least $1,000,000;

2. For special damages in an amount according to proof;

3. For punitive damages in an amount according to proof;

4. For treble damages in an amount according to proof;

5. For interest as allowed by law;

6. For reasonable attorney's fees incurred by Plaintiff, inter alia, under 42 United States Code §1988, Civil Code §52(b), Code of Civil Procedure §1021.5, and other applicable law;

7. That Plaintiff be awarded her costs of suit herein; and

8. For such other and further relief as the court may deem just and proper.

April 26, 2022

Dated this 22nd day of April, 2022

By: _____

ANTONIO WILLIAMS
735 122nd St.
Los Angeles, CA., 92410
In Propia Persona

///

///

///

///

///

///

## DEMAND FOR JURY TRIAL.

Plaintiff hereby demands a Jury Trial pursuant to the Seventh Amendment of the United States Constitution and Federal Rule of Civil Procedure 38.

APRIL 26, 2022

Dated ~~this 22nd day of April, 2022~~

By: _____

ANTONIO WILLIAMS
735 122nd St.
Los Angeles, CA., 92410
In Propia Persona

## VERIFICATION.

I, Antonio Williams, declare that:

I am the Plaintiff in the above-entitled Complaint. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to matters therein stated on information and belief, and as to those matters, I believe it to be true.

Under the penalty of perjury, I declare that the foregoing is true and correct, and that this declaration was executed on ~~April 22, 2022~~ APRIL 26, 2022, at Los Angeles, California.

_____

ANTONIO WILLIAMS,
Plaintiff.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 16, 2022

Antonio Williams
735 E. 122nd St.
Los Angeles, California 90059

RE:   **Notice to Complainant**
       DFEH Matter Number: 202204-16728716
       Right to Sue: Williams / Bridge to Home

Dear Antonio Williams:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

April 16, 2022

RE:    **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202204-16728716
        Right to Sue: Williams / Bridge to Home

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                           GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                  KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

April 16, 2022

Antonio Williams
735 E. 122nd St.
Los Angeles, California 90059

RE:  **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202204-16728716
      Right to Sue: Williams / Bridge to Home

Dear Antonio Williams:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 16, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Antonio Williams                                    DFEH No. 202204-16728716

Complainant,

vs.

Bridge to Home
23752 Newhall Av.
Newhall, CA 91321

Respondents

_____

1. Respondent **Bridge to Home** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Antonio Williams**, resides in the City of **Los Angeles,** State of **California.**

3. Complainant alleges that on or about **March 9, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's race, color and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** On March 3, 2022, Director Chris Najarro signed the renewed contract for one year of service. On March 8. 2022, I sent the invoice for late fees. On March 9, 2022, her accountants called to cancel services with Showtime Janitorial Maintenance Co. I ask why. She stated "don't know." I called Ms. Najarro two times that day, and left messages which were not returned the next day. I went to Bridge to Home office to ask Ms. Najarro why did she want to cancel our two-year working relationship. I was told she's in a meeting. I was never contacted until the following week. On March 15, 2022, I called Ms. Najarro, and she answered. I asked her if there is a problem with the cleaning service. Ms. Najarro said no, but my company's price went up. I stated no. I made a

-1-
*Complaint – DFEH No. 202204-16728716*

Date Filed: April 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

suggestion to put both invoices on one, $6,600 + $600 = $7,200. She answered o. k. I then told Ms. Najarro that if money is the problem, we can work it out. The goal would be if there's anything to keep our two-year working relationship. Ms. Najarro stated that she has already signed the contract with another company which we will pay less for homeless shelter, and one-two offices for what I charged just for the shelter. Please keep in mind that Ms. Najarro was promoted to the position of Director in January 2022, but worked for Bridge to Home through the two years when Showtime has been contracted with Bridge to Home. Nicolle Williams is the counselor for Bridge to Home that ran the shelter, and was the go-to person, where Showtime had three employees-one employee per shift, day shift, night shift, and weekend shift.

Just for the record. Ms. Najarro asked me for a quote to clean two offices on January 17, 2022, so I sent her the quotes for each office. Ms. Najarro said that that she doesn't have the budget now, it may be later. Actually, Ms. Najarro asked for a quote on the two offices prior to November 19, 2020. I gave her the same price from a year ago.

-2-

*Complaint – DFEH No. 202204-16728716*

Date Filed: April 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Antonio Williams**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On April 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-3-
*Complaint – DFEH No. 202204-16728716*

Date Filed: April 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)